McKAY, C.J.,
dissents.
hi respectfully dissent from the majority opinion because I believe that the Civil Service Commission’s judgment , should be amended to give Mr. Alexander additional discipline for acts that the record establishes clearly took pace.
In spite of finding that Mr. Alexander was guilty of two of the three acts he was disciplined for, the Commission reduced his suspension to just one-day. It’s rationale for this was that the appointing au *782 thority did not present evidence as to the breakdown of the five-day suspension or as to why the punishment was commensurate with each enumerated offense, with the exception of the discipline for Mr. Alexander's failure to maintain his cell phone, which was punishable by a one-day suspension. The Commission’s rationale is flawed. Clearly, Mr. Alexander was guilty of two of the three acts he was suspended for. Also, it is clear that he would have been given a one-day suspension for just his failure to maintain his cell phone. Therefore, a one day suspension overall appears to be far too lenient. In addition to deciding whether the appointing authority had good or lawful cause for taking the disciplinary action, the Commission had a duty to decide whether the punishment was commensurate with the offense. Walters v. Dep’t. of Police of City of New Orleans, 454 So.2d 106 (La.1984). Therefore, it appears that Mr. Alexander should have also been given at least a one-day I ..suspension for causing damage to a citizen’s vehicle on October 2, 2009. There is clearly cause for such discipline and such punishment (if not more) would be commensurate with the offense.